Rick K. Carter (CBN 115486)
RCarter@WongFujiiCarter.com
Susan Larsen (CBN 163223)
SLarsen@WongFujiiCarter.com
**WONG FUJII CARTER, P.C.**
3003 North Central Ave., Ste. 1000
Phoenix, Arizona 85012
Telephone: (602) 287-3360
Facsimile: (602) 287-3365
*Attorneys for Plaintiff Nexus USA LLC*

FILED

2012 FEB 28  PM 2: 06

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY_____

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NEXUS USA LLC, an Arizona limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>DURO POWER, INC., a California corporation; SIMON LEE, an individual; ADAM LIN, an individual; DOES 1-10,<br><br>Defendants. | Case No. **CV12 1680-PA (FFMx)**<br><br>**COMPLAINT**<br><br>(Civil - Breach of Contract; Breach of Duty of Good Faith and Fair Dealing; Breach of Implied and Express Warranties; Fraud) |

Plaintiff, NEXUS USA LLC, an Arizona limited liability company ("Plaintiff" or "Nexus"), by way of Complaint against Defendants, DURO POWER, INC., a California corporation, SIMON LEE, an individual, ADAM LIN, an individual, and DOES 1-10 (unless otherwise stated, collectively "Defendants"), hereby alleges as follows:

## PARTIES, JURISDICTION, AND VENUE

1. This Court has diversity jurisdiction over the subject matter and the parties pursuant to 28 U.S.C. §§ 1332. Venue is proper in the United States District Court,



Central District of California pursuant to 28 U.S.C. § 1391(a) because Defendants reside in this District.

2. Nexus is an Arizona limited liability company having its principal place of business in Tempe, Arizona and is the successor-in-interest to Nexus Electric, LLC.

3. Plaintiff is informed and believes that Defendant, Duro Power, Inc. ("Duro Power"), is a California corporation having its business office in Covina, California. At all times mentioned herein, Duro Power was and is in the business of manufacturing and selling electrical generating equipment.

4. Defendant, Simon Lee ("Lee"), is an individual, who upon information and belief, resides in the State of California.

5. Upon information and belief, during all times relevant herein, Lee was the Chief Executive Officer of Duro Power or otherwise was authorized to act on behalf of Duro Power.

6. Defendant, Adam Lin ("Lin"), is an individual, who upon information and belief, resides in the State of California.

7. Upon information and belief, during all times relevant herein, Lin was an employee of Duro Power or otherwise was authorized to act on behalf of Duro Power.

8. Plaintiff is unaware of the true identity, nature, and capacity of each of the defendants designated as DOES 1 through 10, inclusive. Plaintiff is informed and believes that each of the defendants designated herein as a DOE is in some manner responsible for the damages and injuries alleged in this complaint. Upon learning the true identity, nature, and capacity of the DOE defendants, Plaintiff will amend this complaint to allege their true names and capacities.

9. Plaintiff is informed and believes that at all material times each defendant was an agent, principal, representative, alter ego, servant, and/or employee of the others

and each was at all times acting within the course and scope of said agency, representation, and/or employment and with the permission of the others.

## GENERAL ALLEGATIONS

10. In early 2009, Nexus approached Duro Power regarding the potential purchase of electrical generators from Duro Power.

11. Nexus had an existing unique and highly profitable business opportunity that required generators capable of producing particular electrical output specifications stated in kilowatts per hour ("Output Requirements").

12. Because those specific Output Requirements were necessary for the business opportunity, Nexus communicated those Output Requirements to Duro Power during the negotiations for the potential purchase of electrical generators.

13. Duro Power, by and through its authorized agents Lee and Lin, specifically and affirmatively represented to Nexus that its electrical generators were capable of generating and delivering the Output Requirements to satisfy Nexus's needs (the "Generators").

14. During March of 2009, Nexus continued negotiations with Duro Power by meeting with Lee and Lin at Duro Power's California offices to discuss Nexus's transaction requirements, including, shipping, delivery, packaging, and labeling specifications, as well as the Output Requirements, for the Generators.

15. During these meetings, Lee and Lin, repeatedly assured Nexus that Duro Power was able to manufacture the Generators to meet Nexus's Output Requirements and that those Generators would, in fact, meet all of Nexus's required specifications.

16. However, upon information and belief, Defendants knew at the time each representation was being made that Duro Power could not manufacture generators to meet Nexus's Output Requirements.

//

17. In reliance on the representations made by Lee and Lin on Duro Power's behalf, on or about March 6, 2009, Nexus agreed to purchase the Generators from Duro Power, which agreement was reduced to writing in the form of a document entitled "Sales Mutual Agreement [sic]" with attached invoice (the "Agreement"). A copy of the Agreement and invoice are attached as **Exhibit 1**.

18. Pursuant to the Agreement, Duro Power agreed to manufacture and sell 84 custom-made 220V/50Hz electrical generators to Nexus for $111,800.00 FOB Aqaba, Jordan. The delivery location was later changed by agreement of the parties to Umm Qasr, Iraq.

19. Nexus agreed to pay, and did pay, 30% of the purchase price upon entering into the Agreement with the balance due prior to shipment.

20. On or about June 12, 2009, Nexus tendered the remaining amount owed to Duro Power pursuant to the Agreement.

21. On or after that date, Duro Power shipped some, but not all of the Generators to Umm Qasr, Iraq.

22. Upon the Generators arrival in Iraq, which arrival was untimely, Nexus discovered that the Generators did not conform to the contract specifications in at least the following ways:

    a. Only 70 of the 84 Generators ordered and paid for were actually shipped by Duro Power;

    b. Generators sold and bearing Duro Power's labeling indicating they were 7,500W generators failed to provide the specified power output capacity, or even a capacity within expected industry standard tolerances;

    c. Generators that were supposed to be 7,500W generators, were in fact, 4,000W generators that had been relabeled by Duro Power to falsely represent that they were 7,500W generators; and

      d.    Generators sold and bearing Duro Power's labeling indicating they were 15,000W generators failed to provide the specified power output capacity, or even a capacity within expected industry standard tolerances.

23.    Nexus immediately notified Duro Power that the Generators did not conform to the Agreement and provided Duro Power with an opportunity to cure its defective performance of the Agreement and/or provide appropriate refunds of amounts paid.

24.    Duro Power refused to cure the defective performance or otherwise discuss the Generators with Nexus for several months.

25.    As a result, Nexus lost the profitable and unique business opportunity for which it entered into the Agreement with Duro Power.

26.    Thereafter, in or about December 2009, Lin and Lee met with Nexus to discuss Duro Power's deficient performance under the Agreement.

27.    At that meeting, Defendants did not dispute that the delivery failed to conform to the order and Agreement and that the Generators failed to conform to Nexus's specifications and Output Requirements, yet they refused to compensate Nexus for the losses it suffered and continues to suffer and challenged Nexus to file suit.

28.    At that same meeting, Lin admitted that Duro Power was not presently able, nor was it ever able, to produce generators meeting Nexus's specifications and Output Requirements, and that Duro Power and Lee had planned all along to deliver repackaged and labeled 4000 watt generators in place and stead of the ordered 7500 watt generators.

29.    Lin further stated that similar promises had been made in the past with prior customers and that Duro Power was similarly unable to fulfill its promises to customers.

//

WONG FUJII CARTER, PC
Counselors & Attorneys
3003 North Central Avenue, Suite 1000
Phoenix, Arizona 85012
Telephone: (602) 287 3360 / Facsimile: (602) 287 3365

30.Despite repeated demands, Defendants have failed and refused to refund Nexus its money or to cure its defective performance.

### FIRST CAUSE OF ACTION

### (Breach of Contract – Duro Power)

31.Plaintiff hereby repeats and reiterates the preceding allegations as though fully set forth herein.

32.Nexus and Duro Power entered into the Agreement as set forth above.

33.Nexus fully performed its obligations under the terms of the Agreement.

34.Duro Power's aforementioned acts and conduct were a material breach of its obligations under the Agreement.

35.As a direct and proximate result of Duro Power's breach of the Agreement, Nexus has been damaged in an amount to be proven at trial, but in excess of $75,000.00, together with interest at the maximum legal rate from a date according to proof.

### SECOND CAUSE OF ACTION

### (Breach of the Covenant of Good Faith and Fair Dealing – Duro Power)

36.Plaintiff hereby repeats and reiterates the preceding allegations as though fully set forth herein.

37.At all material times there existed in the Agreement an implied covenant and duty owed by Duro Power to deal fairly and in good faith toward Nexus in carrying out its responsibilities under the Agreement, so as not to impair Nexus' rights or abilities to realize the benefits of the Agreement.

38.Nexus fully performed its obligations under the terms of the Agreement.

39.Duro Power breached this implied covenant of good faith and fair dealing by acts and omissions, including without limitation, knowingly inducing Nexus to perform all covenants and promises in accordance with the terms and conditions of the

Agreement, without ever intending to perform Duro Power's own obligations under the Agreement.

40. Duro Power further breached this implied covenant of good faith and fair dealing by misrepresenting the ability of its Generators to meet the Output Requirements of the Agreement, by misrepresenting Duro Power's ability to manufacture Generators meeting the Output Requirements, and by unjustifiably withholding from Nexus the remedies to which it was entitled.

41. As a result of Duro Power's conduct, Nexus has suffered injury and loss, including without limitation, lost profits, lost unique business opportunities, loss of reputation and goodwill, and lost use of the funds Nexus tendered to Duro Power, all in an amount to be proven at trial, but in excess of $75,000.00, together with interest at the maximum legal rate from and after a date according to proof.

## THIRD CAUSE OF ACTION

### (Breach of Implied Warranties – Duro Power)

42. Plaintiff hereby repeats and reiterates the preceding allegations as though fully set forth herein.

43. Duro Power is a "merchant" within the meaning of Cal. Comm. Code § 2104(1) because it is a dealer in generators and has otherwise held itself out as having the knowledge and skill peculiar to the sale of generators.

44. Duro Power implied that the Generators were merchantable.

45. Prior to the sale of the Generators, Nexus expressly stated the Output Requirements that it required of the Generators to be purchased.

46. Nexus relied upon Duro Power's skill and judgment to select and to furnish generators suitable to Nexus' requirements and specifications.

47. Nexus and Duro Power never expressly excluded or modified their understanding that the Generators would generate and deliver the Output Requirements

7

and that the Generators would be fit for the purposes Nexus made known to Duro Power during the bargaining process.

48. Duro Power breached the implied warranty of merchantability because the Generators were not of fair and average quality as described in the Agreement, were not fit for the purposes for which generators meeting the Output Requirements are ordinarily fit, failed to operate within the specifications of the Agreement, were not adequately packaged and labeled as the Agreement required, and failed to conform to Duro Power's promises and affirmations of fact.

49. Duro Power breached the implied warranty of fitness for a particular purpose because the Generators were not capable of generating and delivering the Output Requirements and failed to be suitable for the particular purposes for which Nexus bargained.

50. As a direct and proximate result of the aforementioned acts and conduct by Duro Power, Duro Power has breached the implied warranties of merchantability and fitness for a particular purpose owed to Nexus.

51. As a result of Duro Power's conduct, Nexus has suffered injury and loss, including without limitation, lost profits, lost unique business opportunities, loss of reputation and goodwill, and lost use of the funds Nexus tendered to Duro Power, all in an amount to be proven at trial, but in excess of $75,000.00, together with interest at the maximum legal rate from and after a date according to proof.

## FOURTH CAUSE OF ACTION

### (Breach of Express Warranties – Duro Power)

52. Plaintiff hereby repeats and reiterates the preceding allegations as though fully set forth herein.

53. Duro Power made express affirmations of fact and promises to Nexus regarding the wattage, performance, make, packaging, and labeling of the Generators.

54. Duro Power's express affirmations of fact and promises to Nexus regarding the wattage, performance, make, packaging, and labeling of the Generators became a part of the basis of the bargain between Nexus and Duro Power when these specific terms were negotiated and the parties formed an understanding as to the terms of the Agreement.

55. Duro Power also provided Nexus with a detailed description of the Generators, including Nexus' wattage, performance, make, packaging, and labeling requirements, all of which became a basis of the parties' bargain and created an express warranty that the Generators would conform to the description.

56. Duro Power exhibited to Nexus what Duro Power represented as a sample of the Generators to be purchased, the performance of which became a basis of the parties' bargain and created an express warranty that the performance of the Generators would conform to the performance of the sample generators.

57. Duro Power breached these express warranties because the Generators were not capable of performing as Duro Power described and not capable of performing as the sample Generator.

58. As a direct and proximate result of the aforementioned acts and conduct by Duro Power, Duro Power has breached the express warranties owed to Nexus.

59. As a result of Duro Power's conduct, Nexus has suffered injury and loss, including without limitation, lost profits, lost unique business opportunities, loss of reputation and goodwill, and lost use of the funds Nexus tendered to Duro Power, all in an amount to be proven at trial, but in excess of $75,000.00, together with interest at the maximum legal rate from and after a date according to proof.

//
//
//

## FIFTH CAUSE OF ACTION

### (Fraud – All Defendants)

60. Plaintiff hereby repeats and reiterates the preceding allegations as though fully set forth herein.

61. Defendants, jointly and severally, directly or indirectly through conduct attributed to them or done with their knowledge or approval, concealed information and made false representations regarding the specifications and performance of the Generators as more specifically set forth above.

62. Such representations and concealment of information, as previously specifically alleged herein, were material in influencing Nexus in its decision to enter into the Agreement.

63. Such representations and actions to conceal material information, as previously specifically alleged herein, were made by Defendants with the intent to fraudulently induce Nexus into the Agreement.

64. Defendants knew the representations regarding the specifications and performance of the Generators were false and that material information was being concealed from Nexus.

65. Defendants knew Nexus relied upon such representations as if they were true and that Nexus did not know nor have any reason to know that material information was being concealed by Defendants, or that Defendants' representations were false when made.

66. Nexus's reliance upon Defendants' representations regarding the specifications and performance of the Generators was justified under the circumstances.

67. As a direct and proximate result of Defendants' concealment of material information and intentional misrepresentations regarding the specifications and performance of the Generators, Nexus has suffered injury and loss, including lost profits,

lost unique business opportunities, loss of reputation and goodwill, and lost use of the funds Nexus tendered to Duro Power, all in an amount to be proven at trial, but in excess of $75,000.00, together with interest at the maximum legal rate from and after a date according to proof.

68. Defendants actions were wrongful and said conduct was engaged in a wanton, reckless, and spiteful manner with the ill will and/or reckless indifference for the interests of Nexus, thereby subjecting said Defendants to punitive or exemplary damages.

### JURY DEMAND

69. Nexus demands trial by jury of all claims and causes of action so triable.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, Nexus USA LLC, prays for judgment in its favor and against Defendants, Duro Power, Inc., Simon Lee, and Adam Lin, for:

A. For general, special and consequential damages in a sum in excess of $75,000.00, according to proof;

B. For punitive and exemplary damages in a sum according to proof;

C. For interest on all sums at the maximum legal rate from a date according to proof;

D. For costs of suit;

E. For attorneys' fees; and

F. For such further relief the Court deems just.

**RESPECTFULLY SUBMITTED** this 7th day of February, 2012.

WONG FUJII CARTER, P.C.

By: *(signature)*
Rick K. Carter
Susan Larsen
Attorneys for Nexus USA LLC

# EXHIBIT 1

# DURO POWER INC.

677 Arrow Grand Circle, Covina, CA 91722
Tel: 626-859-7475    Fax: 626-859-7474

## Sales Mutual Agreement

March. 6th, 2009

It is mutually agreed between Nexus Electric, LLC and DuroPower Inc. that S/O 10729 dated March. 06, 2009 at total amount $111,800.00 FOB Aqaba, Jordan CUSTOMER MADE 220V/50Hz generators with payment term as 30% down and 70% before shipment.

Since it is customer made, the down payment 30% is NON-REFUNDABLE if Nexus Electric, LLC dispute S/O 10729 during production and before shipment.

Nexus Electric, LLC is responsible for all the costs happened at destination Aqaba, Jordan.

DuroPower Inc.
677 Arrow Grand Circle
Covina, CA 91722

Nexus Electric, LLC
6015 W. Trovita PL
Chandler, AZ 85226

May Lee
General Manager

Assar Badri
VP Operations

Exhibit 1-1
Page 12

# DuroPower Inc.

677 Arrow Grand Circle, Covina, CA 91722
Telephone:(626) 859-7475  Fax: (626) 859-7474

## INVOICE

Invoice No.: **12150**
Date: 7/07/2009

Customer ID: NEELE
Print By: LUCY    Page 1 of 1

**Sold To**
Attn: ABADRI@NEXUSELECTRICLLC.COM
**NEXUS ELECTRIC, LLC**
6015 W. TROVITA PL.
CHANDLER, AZ 85226

Tel: (602) 684-5484    Fax: (000) 000-0000

**Ship To:**
Attn:
**NEXUS ELECTRIC, LLC**
AQABA, JORDAN

Ship Date: 6/12/2009

| S/O No. | S/O Date | P/O No. | Sales Rep. | Ship Via | F.O.B. | Terms | Due Date |
|---|---|---|---|---|---|---|---|
| 10729 | 3/06/2009 | A348/19030 | A | will call | COVINA, CA | PREPAID VIA TT | 7/07/2009 |

| Order Qty | Ship Qty | B.O. Qty | Item No. | Description | Unit | Unit Price | Ext.Amount |
|---|---|---|---|---|---|---|---|
| 80 | 68 | 12 | DP7500EDS | 7500w Deisel Powered Elec.Start Silent Generator 220V/50HZ | | 1,200.00 | 81,600.00 |
| 2 | 1 | 1 | DP15000EDS | 15000 w Deisel Powered Elec.Start Silent Generator 220V/50HZ | | 3,700.00 | 3,700.00 |
| 2 | 1 | 1 | DP22500EDS | 22500 w Deisel Powered Elec.Start Silent Generator 220V/50HZ | | 4,200.00 | 4,200.00 |
| 1 | 1 | | DXP | Common Spare Parts | | 0.00 | 0.00 |
| 1 | 1 | | REPAINT & LABOR | Per custom request repaint to gray | | 10,000.00 | 10,000.00 |

I've read & agreed to the terms & policy on www.duropower.com
Custom made generator. production lead time 4wks after received 30% down payment. 70% before shipment.

Paid by Wire Transfer

**Sales Amount:** 99,500.00
Tax    %:    0.00
Shipping & Handling    0.00
**Total Amount:** 99,500.00
Payment:    106,200.00
**Balance Due:**    **-6,700.00**

Exhibit 1-2
Page 13

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Percy Anderson and the assigned discovery Magistrate Judge is Frederick F. Mumm.

The case number on all documents filed with the Court should read as follows:

### CV12- 1680 PA (FFMx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

---

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [X] Western Division<br>312 N. Spring St., Rm. G-8<br>Los Angeles, CA 90012 | [ ] Southern Division<br>411 West Fourth St., Rm. 1-053<br>Santa Ana, CA 92701-4516 | [ ] Eastern Division<br>3470 Twelfth St., Rm. 134<br>Riverside, CA 92501 |
|---|---|---|

Failure to file at the proper location will result in your documents being returned to you.

---

CV-18 (03/06)    NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

Name & Address:
Rick K. Carter, Esq. (CBN 115486)
Susan Larsen, Esq. (CBN 163223)
WONG FUJII CARTER, PC
3003 N. Central Avenue, Suite 1000
Phoenix, AZ 85012    (602) 287-3360

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NEXUS USA LLC, an Arizona limited liability company,<br><br>PLAINTIFF(S)<br>v.<br><br>DURO POWER, INC., a California corporation; SIMON LEE, an individual; ADAM LIN, an individual; DOES 1-10,<br><br>DEFENDANT(S). | CASE NUMBER<br><br>**CV 12 1680** PA (FFMx)<br><br>**SUMMONS** |

TO:    DEFENDANT(S):

A lawsuit has been filed against you.

Within __21__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, __Wong Fujii Carter, PC_____, whose address is __3003 N. Central Avenue, Suite 1000, Phoenix Arizona 85012_____. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated: FEB 2 8 2012

By: _____
Deputy Clerk

*(Seal of the Court)*

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

CV-01A (10/11)                                    SUMMONS

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)
NEXUS USA LLC, an Arizona limited liability company

**DEFENDANTS**
DURO POWER, INC., a California corporation; SIMON LEE, an individual; ADAM LIN, an individual; DOES 1-10

**(b) Attorneys** (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)

WONG FUJII CARTER, PC
3003 N. Central Avenue, Suite 1000
Phoenix, AZ 85012       (602) 287-3360

**Attorneys (If Known)**

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff   ☐ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant   ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☒ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☒ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☒ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify):   ☐ 6 Multi-District Litigation   ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT:  JURY DEMAND:** ☒ Yes ☐ No (Check 'Yes' only if demanded in complaint.)
**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☒ No         ☒ **MONEY DEMANDED IN COMPLAINT:** $ 75,000 ++

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
28 U.S.C. 1332

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | | | ☐ 540 Mandamus/ Other | |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 340 Marine | **BANKRUPTCY** | ☐ 550 Civil Rights | ☐ 740 Railway Labor Act |
| | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | **FORFEITURE / PENALTY** | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | | ☐ 355 Motor Vehicle Product Liability | | ☐ 610 Agriculture | **PROPERTY RIGHTS** |
| ☐ 810 Selective Service | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | **CIVIL RIGHTS** | ☐ 620 Other Food & Drug | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities/ Exchange | | | ☐ 441 Voting | | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 890 Other Statutory Actions | ☒ 190 Other Contract | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Accommodations | | **SOCIAL SECURITY** |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | | ☐ 444 Welfare | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 445 American with Disabilities - Employment | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | **REAL PROPERTY** | | | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | **IMMIGRATION** | ☐ 446 American with Disabilities - Other | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | ☐ 462 Naturalization Application | | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determination Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | ☐ 463 Habeas Corpus-Alien Detainee | ☐ 440 Other Civil Rights | | **FEDERAL TAX SUITS** |
| | ☐ 240 Torts to Land | ☐ 465 Other Immigration Actions | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| | ☐ 245 Tort Product Liability | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| ☐ 950 Constitutionality of State Statutes | ☐ 290 All Other Real Property | | | | |

**CV 12 1680**

FOR OFFICE USE ONLY:   Case Number _____

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

CV-71 (05/08)                             CIVIL COVER SHEET                                Page 1 of 2

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
**CIVIL COVER SHEET**

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑ No  ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☑ No  ☐ Yes
If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**

(Check all boxes that apply)  ☐ A. Arise from the same or closely related transactions, happenings, or events; or

☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or

☐ D. Involve the same patent, trademark or copyright, <u>and</u> one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.
☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
|  | Arizona |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.
☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Duro Power, Inc. - Los Angeles County; Adam Lin - Los Angeles County; Simon Lee - Los Angeles County |  |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
**Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County |  |

* **Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER): _____[signature]_____   Date February 7, 2012

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |